**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-17-00972-001-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Jamal Robert Wilson, | |
| Defendant. | |

Before the Court is Defendant Jamal Robert Wilson's ("Defendant") Motion for Compassionate Release. (Doc. 83.) For the reasons stated below, the Motion is denied.

## BACKGROUND

On January 2, 2018, a grand jury returned an indictment against Defendant and a co-defendant, charging Defendant with three counts of possession of cocaine with intent to distribute, possession of a firearm and ammunition after a prior conviction of a crime punishable by imprisonment exceeding one year, and possession of a firearm during and in relation to a drug trafficking crime. (Doc. 24.) Defendant pled guilty to knowingly carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Doc. 78.) In July 2018, he was sentenced to 60 months in Prison with 36 months of supervised release to follow. (Doc. 69.) Defendant is presently in federal custody at FCI-Terminal Island and filed the instant motion for compassionate release on July 20, 2020. (Doc. 83.) The Court also considers Defendant's supplemental briefing. (Doc. 95)

**DISCUSSION**

**I.    Legal Standard**

Compassionate release is governed by 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018. Pub. L. No. 115-391, 132 Stat. 5194, at 5239-40 (2018); *see United States v. Tsosie*, No. CR940003101PCTDGC, 2020 WL 3268694, at *1 (D. Ariz. June 17, 2020) ("The First Step Act amended § 3582(c) to permit motions for compassionate release by prisoners," rather than only the Prison Director). Amended § 3582(c) provides:

> (A) the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c). Although § 3582(c) does not define "extraordinary and compelling reasons," the Sentencing Commission has identified four categories that may qualify: serious medical conditions, advanced age, family circumstances, and a catch-all "other reasons." U.S.S.G. § 1B1.13, application note 1(A)-(D); *see United States v. Esparza*, No. 17-cr-1101-JAH, 2020 WL 2838732, at *2 (S.D. Cal. June 1, 2020).[1] Specifically, the commission contemplated a medical condition from which the defendant is not expected to recover—one that "substantially diminishes the ability of the defendant to provide self care within the environment of a correctional facility." U.S.S.G. § 1B1.13, application note 1(A) (providing as examples terminal illness, deteriorating physical or mental health, and serious cognitive impairment).

---

[1] Though, by its terms, the current policy statement applies to motions for compassionate release filed by the BOP Director, it does provide helpful guidance given the commission has not amended the statement since the FSA was enacted or adopted a new policy statement applicable to motions filed by defendants. U.S.S.G. § 1B1.13; *see United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019) (citing *United States v. Gross*, No. 2:04-CR-32-RMP, 2019 WL 2437463, at *2 (E.D. Wash. June 11, 2019)).

## II. Analysis

BOP medical records show that Defendant suffers from obesity. (Doc. 94 at 3) (recording Defendant's current weight at 225 pounds and BMI at 30.5).[2] This would increase his risk if he were to contract COVID-19. *See United States v. Johnson*, No. 3:18-CR-00162 (MPS), 2020 WL 4449797, at *2 & n.4 (D. Conn. Aug. 3, 2020) ("According to the Centers for Disease Control and Prevention ('CDC'), 'people of any age with certain underlying medical conditions are at increased risk for severe illness from COVID-19.' Obesity . . . is one of these underlying medical conditions.") (quoting CDC, Coronavirus Disease 2019, People with Certain Medical Conditions). However, despite the Governments apparent concession that obesity could be a compelling condition for release, (Doc. 97 at 1), Defendant has not established that this increased risk constitutes an extraordinary and compelling reason to release him. Rather, many courts have found that obesity does not warrant release. *See, e.g.*, *United States v. Ferdinand*, No. 13-CR-00764-WHO-8, 2020 WL 5653308, at *1 (N.D. Cal. Sept. 23, 2020) (obesity and hypertension); *United States v. Kapeli*, No. CR 16-00172 JMS, 2020 WL 5665057, at *4 (D. Haw. Sept. 23, 2020) (obesity and hypertension).

Moreover, Defendant has not shown that he is at a significant risk of contracting COVID-19 while detained at FCI-Terminal Island. As of November 6, 2020, only four inmates—out of a total population of 780—are positive for COVID-19 at FCI-Terminal Island. *See* Federal BOP, COVID-19 Cases, https://www.bop.gov/coronavirus/; Federal BOP, FCI-Terminal Island, https://www.bop.gov/locations/institutions/trm/ (last visited Nov. 6, 2020). Neither Defendant's reference to a past outbreak at the facility nor his anxieties about the increased risks that COVID-19 will spread in confinement establish individualized risk.

---

[2] Although Defendant also asserts he suffers from depression and hypertension (high blood pressure), he offers no documentation of his conditions, citing only to a medical record containing his height and weight. (Doc. 95 at 3). Defendant simply provides insufficient support for his claim that these conditions constitute extraordinary and compelling reasons to support his request for release. *See United States v. Stanard*, No. CR16-320-RSM, 2020 WL 2219478, at *3 (W.D. Wash. May 7, 2020).

Defendant's general concern about possibly contracting the virus is not analogous to the Commission's articulated criteria for compassionate release. *See United States v. Hays*, No. CR 18-00088-KD-N, 2020 WL 1698778, at *3 (S.D. Ala. Apr. 7, 2020) ("Hays' concerns about contracting Covid 19 and her belief that her conditions of confinement are not sanitary and would not protect her from the virus, are not comparable or analogous.") "Courts have found general concerns about possible exposure to COVID-19 'do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement.'" *United States v. Atari*, No. 2:17-CR-00232-JAM, 2020 WL 2615030, at *2 (E.D. Cal. May 22, 2020) (internal citations omitted); *see United States v. Partida*, No. CR-17-08260-001-PCT-DGC, 2020 WL 3050705, at *6 (D. Ariz. June 8, 2020) (same). The Court finds that Defendant has not established extraordinary and compelling reasons for compassionate release under 18 U.S.C. § 3582(c).

**CONCLUSION**

For the reasons set forth above, the motion for compassionate release is denied because Defendant has not demonstrated an extraordinary or compelling reason for his release.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release (Doc. 83) is **DENIED.**

**IT IS FURTHER ORDERED** that the Federal Public Defender's Motions to Compel (Doc. 86), (Doc. 88) are **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Expedited Decision (Doc. 94) is **DENIED AS MOOT.**

Dated this 9th day of November, 2020.

G. Murray Snow
Chief United States District Judge