**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-17-00972-001-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Jamal Robert Wilson, | |
| Defendant. | |

Before the Court is Defendant Jamal Robert Wilson's pro se motion for reconsideration of the Court's denial of his motion for sentence reduction. (Doc. 103.) For the following reasons, the Motion is denied.

## BACKGROUND

Defendant sought a sentence reduction to time served in his motion for compassionate release, claiming that he has a heightened risk of dying from COVID-19 due to multiple health conditions. (Doc. 95.) The Court found that while Defendant has a combination of medical conditions that would be serious if he were to contract COVID-19, he failed to show that he is at a significant risk of contracting COVID-19 while detained at FCI-Terminal Island. (Doc. 98.) Defendant moves the Court to reconsider its ruling.[1]

---

[1] The Federal Public Defender also filed a Notice Regarding Defendant's Pro Se Motion for Reconsideration of this Court's Order Denying a Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A), notifying the Court that the Federal Public Defender stands ready to locate counsel if the Court finds it appropriate. (Doc. 104.) Because, as explained below, Defendant's Motion for Reconsideration does not point to any newly discovered evidence, clear error, or intervening law, the Court declines to appoint counsel.

## DISCUSSION

### I. Legal Standard

Although the Federal Rules of Criminal Procedure do not expressly authorize the filing of motions for reconsideration, courts, including the Ninth Circuit, have held that motions for reconsideration may be filed in criminal cases. *See United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000) ("As the Second Circuit noted . . . post-judgment motions for reconsideration may be filed in criminal cases."); *United States v. Mendez*, No. CR-07-00011-MMM, 2008 WL 2561962, at *1 (C.D. Cal. June 25, 2008) (ruling on a motion seeking reconsideration of an order denying a defendant's request that the government be directed to provide a list of its potential witnesses at trial).

"[M]otions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings." *Mendez*, 2008 WL 2561962, at *2; *see, e.g.*, *United States v. Sam*, No. CR-13-08020-002-PCT-DLR, 2020 WL 4607244, at *1 (D. Ariz. Aug. 10, 2020); *United States v. Krug*, No. CR 09-01148-MMM, 2012 WL 12973474, at *1 (C.D. Cal. Oct. 24, 2012). "The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." L.R. Civ. P. 7.2(g)(1); *see also Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (noting that motions to reconsider are appropriate only if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law"); *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003) (holding that a motion for reconsideration is appropriate only when there is newly-discovered fact or law, newly-occurring facts, a material change in the law, or upon a convincing showing that the Court failed to consider material facts that were presented before the initial decision). A motion for reconsideration is an inappropriate vehicle to ask the Court to "rethink what the court has already thought through—rightly or wrongly." *See United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998)

(quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). "Arguments that a court was in error on the issues it considered should be directed to the court of appeals." *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995) (quoting *Refrigeration Sales Co., Inc. v. Mitchell-Jackson, Inc.*, 605 F. Supp. 6, 7 (N.D. Ill. 1983)).

**II.    Analysis**

Here, Defendant's motion points to no newly discovered evidence, clear error, or intervening change in the law. Rather, Defendant reiterates his fear of contracting COVID-19 given his preexisting conditions. He also points to two pieces of evidence that the Court did not consider in his original motion. First, since Defendant filed his underlying motion, a court-appointed expert in another case, Dr. Michael Rowe, has issued a report on continued risks associated with COVID-19 infection at FCI Terminal Island. Second, Defendant asserts that many staff members at FCI-Terminal Island have chosen not to receive the COVID-19 vaccine, increasing the risk to inmates at the facility.

Although Defendant did not assert these specific facts in his original Motion, they are not newly discovered evidence which merits reconsideration. In his initial Motion, Defendant asserted "FCI—Terminal Island has been a perilous environment" where "the pandemic spread like wildfire" and where "there is no reason to doubt that it will suffer a second wave if reinfection arises." (Doc. 95 at 7.) He also reflected on the more general challenges presented by incarceration, arguing that "[p]risons and jails are amplifiers of infectious diseases because social distancing is impossible inside and movement in and out of facilities is common." *Id.* Thus, although Dr. Rowe's report provides greater context and scientific support for these assertions, it does not amount to newly discovered evidence. The Court already found that Defendant's belief that "conditions of confinement are not sanitary and would not protect an [inmate] from the virus" is not "comparable or analogous" to the articulated criteria warranting compassionate release. (Doc. 98 at 4.) Defendant's unsupported assertion that prison staff members have declined to receive vaccinations is of the same character. The Court's prior Order was issued prior to FDA

approval of any vaccine, so no staff member had yet been inoculated. As Defendant asserts now that only a portion of staff have chosen to get the vaccine, his risk is nonetheless reduced compared to the conditions the Court considered for his prior request. Moreover, as discussed in the Court's original order, increased risk to the prison population at large does not constitute the individualized circumstance contemplated by 18 U.S.C. § 3582(c). *Id.*

**IT IS THEREFORE ORDERED** that Defendant's motion for reconsideration of the Court's denial of his motion for sentence reduction (Doc. 103) is **DENIED.**

Dated this 29th day of March, 2021.

_____
G. Murray Snow
Chief United States District Judge